[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15367
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00021-JEC-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY LEE COLE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 3, 2013)

Before BARKETT,  HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Johnny Lee Cole appeals his 188-month total sentence, imposed after

pleading guilty to three counts of child pornography distribution, in violation of 18

U.S.C. § 2252A(a)(2), and one count of child pornography possession, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court calculated an advisory guidelines range of 188 to 235 months' imprisonment, although owing to a prior state court conviction for child molestation, Cole faced a statutory minimum term of 15 years (180 months) and a statutory maximum term of 40 years. 18 U.S.C. § 2252A(b)(1). Cole requested a downward variance from the guidelines range to the statutory minimum of 180 months, which the court rejected before imposing a low-end total sentence of 188 months. Cole complains on appeal that his total sentence is substantively unreasonable because the court abused its discretion in denying his eight-month downward variance request, and the resulting total sentence is greater than necessary to satisfy the sentencing factors set out in 18 U.S.C. § 3553(a).

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The district court's denial of a defendant's request for a variance is subsumed under that review. *See United States v. Willis*, 560 F.3d 1246, 1251 (11th Cir. 2009) (reviewing the reasonableness of the district court's denial of the defendant's motion for variance).

After reviewing the record, we find no reversible error. We cannot say that Cole's 188-month total sentence is substantively unreasonable. The total sentence

falls at the low end of the guidelines range and is well below the statutory maximum.  The court's denial of his request for a downward variance was not a clear error in judgment, and moreover, the total sentence reflects several of the § 3553(a) factors, including the seriousness of the offense conduct, the history and characteristics of the defendant, and the need to protect the public.

**AFFIRMED.**